# Engle, Appellant, *v.* Betz.

*Promissory notes—Judgment note—Possession of note—Evidence—Decedents' estates—Province of court and jury.*

In an action of assumpsit by an executrix there was evidence that the plaintiff's testatrix had made a loan to a corporation of which the defendant was treasurer, and that the defendant had agreed to assume this indebtedness, and gave to testatrix a judgment note of his own for the amount which had been loaned to the company. At the trial the note was found to be in the possession of the defendant. There was also evidence that after the note was given, defendant had assigned to the testatrix an interest in his father's estate. The assignment recited that it was made to secure the payment of a loan made to defendant by testatrix in a sum which was the same as the amount of the judgment note, and of the original loan to the corporation. The defendant was not permitted to testify, and there was no other evidence in the case. The court entered judgment for defendant on a question of law reserved. The six judges who heard the case on appeal were equally divided in opinion, and the judgment was affirmed.

Argued Jan. 18, 1906. Appeal, No. 339, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1903, No. 3,240, for defendant non obstante veredicto in case of Emma B. Engle, Executrix of the Estate of Mary B. Engle, deceased, v. Harry M. Betz. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the amount of an alleged loan. Before AUDENRIED, J.

The court charged as follows:

This case is before you in a very unsatisfactory and fragmentary shape. The plaintiff's testatrix, Mary B. Engle, is dead. That, of course, seals her mouth. It is impossible for her to come here and tell us what she knows about the transaction out of which this suit has arisen. And her death has sealed the mouth of the defendant, Harry M. Betz, as to any transactions that took place between him and Mary B. Engle during her lifetime. The law regards the temptation to twist and distort facts to be so great in the case of a single survivor to a transaction that in the interest of truth and justice it will not permit one party to a contract or transaction to testify to

anything transpiring in relation to it during the lifetime of the other party where that other party is deceased.

As I say, the case comes before you in an unsatisfactory and fragmentary way. I have been in some doubt as to whether there is enough evidence to take the case to you for consideration at all. I have determined on reflection, however, to reserve the question as to whether any legal evidence which would warrant a verdict in favor of the plaintiff has been presented here, and, subject to that reservation, I leave you to grapple with the testimony that has been produced and tell us what you think about it.

The plaintiff's claim appears to have had its inception in a loan made by Mary B. Engle to the Bluegrass Land Company in 1899. It is conceded that Mary B. Engle loaned that company $3,500. At that time the defendant, Harry M. Betz, was the treasurer of the company. It is conceded that for reasons which are unimportant, it was agreed between the defendant and Mary B. Engle in January, 1901, that the defendant would assume the indebtedness of the Bluegrass Land Company to the deceased. Mr. Peace told you that such was the fact when he argued the case to you. In pursuance of this agreement, on January 14, 1901, the defendant gave Mary B. Engle a judgment note for $3,500 with interest. And if that judgment note were produced by the plaintiff in this case, the executrix of Mary B. Engle, the case would be very much simpler than that which the facts present. The note, however, is not in the custody or possession of the plaintiff. It is found in the hands of the defendant. The defendant's counsel admits that the defendant made a note on January 14, 1901, and at that time assumed or agreed to become responsible for the indebtedness of the Bluegrass Land Company to Mary B. Engle and that on that day he owed the plaintiff's testatrix $3,500. He suggests, by way of defense, however, that whatever may have been the obligation of the defendant to the deceased at that time, it is not to be regarded as any longer existing. He asks you to infer from the fact that the defendant holds the note, given as evidence of the debt, that the debt was paid, or discharged in some way, either paid or forgiven. I am bound to tell you that if there was nothing else in the case except the single fact that the defendant had possession

of his obligation to pay this claim, the law would raise a presumption that he was quit of his liability. If there was nothing else in the case except this judgment note in possession of the defendant, I think it would be my duty to instruct you to find a verdict against the plaintiff and in favor of the defendant on the legal presumption that the debt evidenced by that note is extinguished. But there are other facts in the case.

The defendant, on May 6, 1901, executed to Mary B. Engle an assignment of his interest in his father's estate, which is duly acknowledged and which has since been recorded. The purpose of the execution of this assignment, according to its terms, was that it might secure the payment of a loan made to the defendant by Mary B. Engle in the sum of $3,500. If the loan herein referred to is identical with the loan that Mary B. Engle made to the Bluegrass Land Company, the obligation to pay which was assumed by Harry M. Betz on January 14, 1901, then this assignment or transfer of the defendant's interest in his father's estate to her for the purpose of securing its repayment is evidence that that indebtedness was at that time still existing, that he still owed her the money, and it is very persuasive evidence. Of course, if it had reference to some loan which she had contracted to make him and which had not yet been made, that is, if it had reference to some other loan than the loan I have referred to, it would have no effect as evidence whatever in this case in the way of overcoming the presumption that the judgment note was discharged, arising from the fact that Betz had possession of it. Is there any evidence to indicate that there were other dealings between Mary B. Engle and the defendant than that which arose out of her loan originally made to the Bluegrass Land Company? I know of none at all. The parties to this assignment are the same as the parties to the judgment note. The amount of debt which is secured by this assignment is identical with the amount of the debt owing on the judgment note. It is a question as to the identity of the loan referred to in the assignment, with the indebtedness which it is admitted Harry M. Betz on January 14, 1901, undertook to be responsible for to Mary B. Engle. That is a question of fact I am going to leave to you. You must determine that question for yourselves. If you think there is no identity be-

tween the indebtedness or loan of $3,500 then you may disregard this assignment as having any effect as evidence to indicate that the indebtedness that it was admitted Betz assumed was still existing when that transfer was made. If, on the contrary, you regard this evidence of indebtedness of $3,500 as referring to that same debt, then this assignment is, as I have said, very persuasive evidence that when he executed this instrument to Mary B. Engle, Betz still owed her the amount of money he had undertaken to pay her, that he had not extinguished the debt by payment and that she had not forgiven it to him. There was nothing to weaken the effect of this assignment or transfer as evidence of the existence of the debt for whose recovery the plaintiff has sued this defendant, produced in the shape of a check or any other form, to indicate that Mary B. Engle had discharged Harry M. Betz from what is admitted he undertook to become responsible for to her. The only support for the theory that he is discharged from that obligation is the presumption of payment arising from his possession of his judgment note. If you believe this debt that Betz assumed to pay Mary B. Engle is still existing, in other words, that it has not been discharged by the defendant, the plaintiff is entitled to a verdict for the full amount of her claim with interest on it from the date of January 6, 1901. Back of that you must not go in your computation of interest. The judgment note evidences the settlement of the terms of the arrangement under which Betz became responsible for the repayment of Miss Engle's loan to the Bluegrass Land Company.

You understand that your verdict will be taken subject to the reservation of the question as to whether there is any legal evidence whatever which will justify the submission of the case to you.

Verdict for plaintiff for $4,345.85.

The defendant subsequently made the following motion:

And now to wit: February 13, 1905, the defendant by his attorney, William H. Peace, moves the court to enter judgment for the defendant non obstante veredicto, on the point reserved, whether under all the evidence, the verdict should not be for the defendant.

The court entered judgment for defendant on point reserved non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. A. Gray*, for appellant.

*William H. Peace*, for appellee.

PER CURIAM, February 26, 1906 :

This case, as the learned judge remarked at the trial, was presented to the jury in a very unsatisfactory and fragmentary shape and the condition was not improved by the shifting and not altogether consistent forms in which the question was reserved on which judgment was entered for the defendant non obstante veredicto. The judges of this court who heard the argument being equally divided, the judgment is affirmed.